UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 4:12-cr-00026-001-TRM-CHS |
| v. ) | |
| ) | |
| CHRISTOPHER JOHN BIRMAN ) | |

## **MEMORANDUM AND ORDER**

CHRISTOPHER JOHN BIRMAN ("Defendant") came before the Court for an initial appearance on October 2, 2024, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition") [Doc. 66].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Attorney Christopher Meadows to represent Defendant.

Defendant was furnished with a copy of the Petition and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Steve Neff explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived a preliminary hearing but requested a detention hearing.

At the request of counsel, the Court immediately moved into the detention hearing. The Government relied upon the sworn allegations in the Petition [Doc. 66] and the testimony of United States Probation Officer Reshard Montgomery. Defendant's counsel, Christopher Meadows proffered evidence on behalf of Defendant. Both attorneys were then given an opportunity to argue their positions to the Court.

1

The Petition includes a recitation of the violation of the specific conditions of supervision committed by Defendant, *to wit*:

1. **Standard Condition#2:** After initially reporting to the probation office, Mr. Birman will receive instructions from the Court or the probation officer about how and when he must report to the probation officer, and Mr. Birman must report to the probation officer as instructed.

2. **Standard Condition#4:** Defendant must answer truthfully the questions asked by his probation officer.

3. **Standard Condition#12:** Defendant must follow the instructions of the probation officer related to the conditions of supervision.

4. **Special Condition#4:** Defendant shall not have any contact with Laura Birman Gannon, directly or indirectly, or through third party, unless given permission from the probation officer.

Defendant is on supervised release following a conviction in this Court for failure to register as a sex offender. Defendant's supervised release was previously revoked on December 12, 2017, November 2, 2021, and November 1, 2022. Consequently, he is currently on his fourth period of supervised release. Defendant has a criminal history that includes convictions for Failure to Register as a Sex Offender; Domestic Violence; Attempted Child Abuse-4th Degree; Malicious Use of Communications Service to Threaten; Receiving and Concealing Stolen Property; Driving on Expired License (twice); Malicious Destruction of Property; Using Computer to Possess Sexually Abusive Material and Stalking; Failure to Timely Register as a Sex Offender; and Attempted Failure to Register as a Sex Offender.

Defendant's current period of supervision started on April 28, 2023. During this period of supervision, Defendant has failed to follow the instructions of his probation officer. Specifically, Defendant was instructed not to have any contact with Laura Birman Gannon. Despite this instruction, Defendant arranged for Ms. Gannon to stay with him at the hotel where he was staying, hid her in the shower when the probation officer visited, and was not truthful with the probation officer about his contact with her. Ultimately, the probation officer received a call from Ms. Gannon in which she indicated that Defendant was verbally abusing her and refusing to purchase items for her unless she performed sexual favors. She admitted to living with Defendant for the previous four months.

Given Defendant's criminal history, the Court has determined that the conditions of his supervised release are necessary to prevent him from being a danger to the community. The Court finds that probable cause exists to support the contentions that Defendant violated conditions of his supervised release. With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community

and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has not overcome that presumption through clear and convincing evidence. Based upon Defendant's failure to adhere to the conditions of supervised release, the Court finds that Defendant is a danger to any other person or to the community and, by a preponderance of the evidence, that he does pose a risk of flight. Consequently, the Court **GRANTED** the motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to the United States District Judge a proposed Agreed Order with respect to an appropriate disposition of the Petition.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, they shall request a hearing before the United States District Judge.

3. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

**SO ORDERED nunc pro tunc to October 2, 2024.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE